IMPORTANT NOTICE: Courtesy copies of documents you file should NOT be provided to any judge. All communications with the court SHALL ONLY be through documents filed with the Clerk of Court.

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/4/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JIMMY JONES            CIVIL ACTION NO. 09-00976
   (BOP# 99204-071)
                             SECTION "P"
VERSUS

                              JUDGE DEE D. DRELL
UNITED STATES OF AMERICA, et al.    MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is the complaint filed in forma pauperis by pro se plaintiff, Jimmy Jones (Jones). The complaint, which was initially filed in the Middle District of Louisiana, was transferred to this court on June 15, 2009 (Doc. 3). In the complaint, Jones asserts a claim against the United States of America (United States) pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b)(1) and a claim against Correctional Officer Joshua Matthews pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics.[1]

Jones, an inmate in the custody of the Federal Bureau of

---

[1] In Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. §1983. See Zuspann v. Brown, 60 F.3d 1156, 1157 n. 2 (5th Cir. 1995).

Prisons (BOP), is currently incarcerated at the Federal Correctional Institute in Pekin, Illinois. However, at all times relevant to this case, he was incarcerated at the United States Penitentiary in Pollock, La (Pollock).

On December 3, 2010, Matthews and the United States each filed their own motion for summary judgment (Doc. 26, 27). To date, Jones has not filed a response to either motion. Both motions are currently before the undersigned for Report and Recommendation.

## Statement of the Case

On or about February 17, 2008[2], Correctional Officer Joshua Matthews (Matthews) was looking for an inmate from California. During his search, he approached Jones, mistaking him for the other inmate. The two engaged in a conversation which involved the exchange of profanities. Matthews asked Jones for his Commissary/Identification card but Jones refused to produce it as he insisted he was not the inmate Matthews sought.

Shortly thereafter, Matthews located the inmate. Jones contends that prior to Matthews searching and cuffing the inmate, he witnessed Matthews talking to the inmate and pointing at Jones. Within hours, Jones heard other inmates saying he should "watch his

---

[2] Jones alleges that Matthews was searching for the inmate on February 17, 2008. Though it is not disputed that Matthews engaged Jones in a conversation concerting the location of another inmate, that conversation could not have taken place on the morning of February 17, 2008 as Daily Assignment Rosters (Doc. 26-3) show Matthews was not on duty that morning.

2

back" because Matthews had put a "Snitch Tag" on him by identifying him as the one who pointed out and turned in the inmate.

Plaintiff went to the compound office to speak with Matthews about the situation but was told to return after lunch. As Jones headed back to the compound office at 1:00 p.m., he was attacked by seven inmates who were armed with weapons. Jones alleges that while he was being beaten, the inmates yelled "[g]et your snitch ass off the yard! You shouldn't have told the C.O. on old boy!" Jones contends he was beaten for five minutes without any officers responding and during the beating, he was hit in the eye with a lock which resulted in lost vision in his right eye.

Plaintiff was escorted to the medical building and then to a local hospital for treatment. The assaulting inmate was taken to the Special Housing Unit.

On April 24, 2008, Jones filed a grievance at the administrative level (Doc. 9, p.11) that he was "made handicap by the lack of security" at Pollock.

On May 8, 2008, Jones filed a request for administrative remedy stating "the lack of security was the cause of my loss of sight in my right eye." (Doc. 9, p.13). On June 6, 2008, Warden Joe Keffer denied the request for administrative remedy stating, in part, "[t]here is no evidence to substantiate your allegation that the injury to your eye was due to a lack of security." (Doc. 9, p.15-16). Jones then filed an appeal on June 17, 2008, again

citing the lack of security as the cause of his lost vision (Doc. 9, p.14). Regional Director G. Maldanado, Jr., responded on June 10, 2008 and advised the appeal was denied as "[a]n investigation into this matter found there is no convincing evidence to substantiate your claim you lost sight in your eye due to staff negligence. (Doc. 9, p.17).

In an undated appeal (Doc. 9, p.12) Jones stated that "the Regional Director and the Warden failed to address the claim that [his] injury was because of the over crowded population" ... which was the direct cause of [his] injuries." On September 24, 2008, Harrell Watts, Administrator of the National Inmate Appeals, advised they had also reviewed the matter and determined that Warden Keffer and Regional Director Maldanado "adequately addressed [his] concerns." (Doc. 9, p.18).

On November 12, 2008, Jones filed a tort claim with the BOP by submitting a SF-95 form. He sought monetary relief for the loss of his eye as a result of the assault. On April 10, 2009, Jones received a letter in which the BOP denied his claim because the BOP staff had no prior knowledge the assault would occur and because they were not in the immediate area at the time of the assault.

Finally, on July 12, 2009, Jones filed suit in the instant case.

### The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure was recently

amended to provide "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] A dispute regarding a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Washbur v. Harvey, 504 F.3d 505, 508 (2007).

Additionally, Local Rule 56.2W provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element

---

[3] Rule 56 was amended effective December 1, 2010. The comments to the amendment indicate the intent was "to improve the procedures for presenting and deciding summary-judgment motions and to make procedures more consistent with those already used in most courts. The standard for granting summary judgment remains unchanged."

of the nonmoving party's claim. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See <u>Celotex</u>, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See <u>Id.</u> at 325; <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir.1994); <u>Austin v. Will-Burt Company</u>, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. <u>Little</u>, 37 F.3d at 1075.

All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. <u>Id.</u>

<u>Bivens Claim</u>

<u>Exhaustion of Administrative Remedies</u>

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative remedies. <u>Booth v. Churner</u>, 532 U.S. 731, 741 n.6

(2001). The exhaustion requirement of §1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episode, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 524(2002). Resort to a prison grievance process must precede resort to a court. Id. at 529.

Since the amendment of §1997e, the Fifth Circuit has taken a strict approach to the exhaustion requirement. Days v. Johnson, 332 F.3d 863, 866 (5th Cir. 2003). In Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001), the court stated that nothing in the PLRA prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems. On the other hand, the Fifth Circuit has also stated that the exhaustion requirement imposed by amended §1997e is not jurisdictional. Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998). The exhaustion requirement may be subject, in rare instances, to certain defenses such as waiver, estoppel or equitable tolling. Id. We have recognized, as a basis for excuse, circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy. Holloway v. Gunnell, 685 F.2d 150, 154 (5th Cir. 1982). The Fifth Circuit has recognized that exhaustion requirements may be excused where dismissal would be inefficient and would not further the interests

of justice or the purposes of exhaustion requirement. Johnson v. Ford, 261 Fed.Appx. 752, 755 (5th Cir. 2008).

The administrative remedy procedures which must be followed by a federal prison inmate are set forth in 28 C.F.R. §542.10, et seq. The first step of the administrative remedy is an informal resolution attempt filed with the prison staff. 28 C.F.R. §542.13. The second step is a formal grievance filed with the warden. 28 C.F.R. §542.14. The regulations also provide for appeals at the third and fourth steps as set forth in 28 C.F.R. §542.15. The third step is an appeal of the warden's decision to the Regional Director, and the fourth step is an appeal of the Regional Director's decision to the General Counsel.

In the case at bar, Jones presents documentation showing he filed a grievance and exhausted his administrative remedies. However, the only assertions Jones sets forth in his grievances and appeals are understaffing/lack of security and overcrowding. Notice of such does not put the BOP on notice of Jones complaint that Matthews was deliberately indifferent to his Constitutional rights nor does it provide the BOP with "time and opportunity to address" the complaint. As Jones failed to exhaust his administrative remedies with regard to his claims against Correctional Officer Matthews, his Bivens claims should be dismissed without prejudice.

## Federal Torts Claim Act Claim

Under the FTCA, a plaintiff may recover monetary awards from the United States for injury, property loss, or death caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of employment. The United States may be held liable only if the conduct complained of amounts to negligence in accordance with the law of the place where the act or omission occurred. 28 U.S.C. §1346(b). Substantive state law determines whether a cause of action exists. Johnston v. U.S., 85 F.3d 217, 219 (5th Cir. 1996).

> To prevail on a negligence claim under La. Civil Code arts. 2312 and 2316, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element): and (5) actual damages (the damages element).

Brown v. Lee, 639 So.2d 897, 898-899 (La.App. 5 Cir. 7/13/94), citing Roberts v. Benoit, 605 So.2d 1032 (La. 1991); Fowler v. Roberts, 556 So.2d 1, 4 (La. 1989); Scott v. State, 618 So.2d 1053 (La.App. 1 Cir. 1993). Also, La.C.C. art. 2315. Accordingly, Jones' tort claim must be evaluated in accordance with Louisiana tort law.

It is undisputed that the United States owes its prisoners a

duty to provide for their protection. Jones contends that Matthews breached that duty when he labeled him a snitch, knowing that it would lead to an inmate assault. However, Jones fails to provide more than allegations of breach of duty.

There are no affidavits of witnesses to the verbal altercation nor the alleged pointing out of Jones by Matthews. Jones fails to identify or provide statements from those who he contends told him about being labeled a snitch. Further, there is no evidence linking the assault to the alleged misconduct of Matthews.
In fact, the only evidence in the record is the sworn statement of Matthews in which he denies any wrongdoing and states that he was not even on duty at the time of the assault which occurred at least one day, if not more, after he and Jones engaged in their verbal altercation.

Jones' failed to file a response and/or provide any evidence in support of his assertion that there was a breach of duty. Without a breach, negligence cannot exist. Accordingly, Jones' FTCA claim lacks merit.

To the extent Jones' complaint is construed as alleging that understaffing and/or overcrowding were the cause of his injury, such allegations are excepted from FTCA liability under the discretionary function exception. See <u>Santa-Rosa v. U.S.</u>, 335 F.3d 39, 44 (1st Cir. 2003)("allocation of guards and other correctional staff must be viewed as falling within the discretionary function

exception). Jones fails to point to any rule or regulation showing that correctional officers should have been placed in the area where he was attacked, mandating the number of inmates be limited, or that a certain guard to prisoner ratio must be maintained. Neither 18 U.S.C. §4042 which provides a general duty to protect prisoners, nor the prohibition against cruel and unusual punishment defines a non-discretionary course of action specific to render the discretionary function exception inapplicable. <u>Campillio v. U.S. Penitentiary Beaumont, Tex.</u>, 203 Fed.Appx. 555, 557 (5th Cir. 2006)(citations omitted). Thus, this court lacks jurisdiction over such allegations.

In light of the foregoing, Jones' FTCA claim should be dismissed with prejudice.

## Conclusion

IT IS HEREBY RECOMMENDED that Matthews's motion for summary judgement (Doc. 26) be GRANTED and the <u>Bivens</u> claims against him be dismissed without prejudice for failure to exhaust.

IT IS FURTHER RECOMMENDED that the United States' motion for summary judgment (Doc. 27) be GRANTED and the FTCA claim against it be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,

written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDING, CONCLUSION, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN THE FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana this 4th day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE